**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

BETTY ANNETTE WATKINS,

 Defendant-Appellant.

No. 00-3301
(D. Kan.)
(D.Ct. No. 96-CR-40061-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL** and **HALL**,[**] Circuit Judges, and **BRORBY**, Senior Circuit Judge

A jury convicted Betty Annette Watkins of conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. This court previously upheld her conviction and sentence on direct appeal. *United States v. Watkins*, 188 F.3d 520 (10th Cir. Jul. 28, 1999) (unpublished

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Cynthia Holcomb Hall, United States Circuit Judge, Ninth Circuit, sitting by designation.

opinion), *cert. denied*, 528 U.S. 1034 (1999).  Subsequently, Ms. Watkins filed a motion for a new trial, arguing she had new evidence showing a federal agent falsely testified at her trial.  The district court denied the motion without an evidentiary hearing.  The district court explained even if the government knowingly presented the alleged perjured testimony, the jury heard sufficient independent evidence to uphold the verdict.  Ms. Watkins now appeals the denied motion for a new trial.  She argues (1) the government's use of the alleged false testimony was not harmless beyond a reasonable doubt, and (2) this court should reverse the conviction under our supervisory powers regardless of the alleged false testimony's effect on the outcome of the case.  Our jurisdiction arises pursuant to 28 U.S.C. § 1291.  We affirm.


**BACKGROUND**

While executing a search warrant, police officers observed Betty Annette Watkins attempting to flush 16.97 grams of crack cocaine down her kitchen sink.  After a police officer read her the warnings prescribed in *Miranda v. Arizona*, 384 U.S. 436, 471-72 (1966), Ms. Watkins admitted the crack was hers.  Police arrested Ms. Watkins and transported her to the Franklin County jail.  Tom Walsh, a federal Drug Enforcement Administration agent, and Tim Cronin, a local police officer, tape recorded a post-arrest interview of Ms. Watkins.  According

to the testimony of Agent Walsh and Officer Cronin, Ms. Watkins identified three other individuals with whom she was involved in selling crack. Three days later, Agent Walsh condensed into two paragraphs of a written report what he believed to be significant from the interview, and then destroyed the tape recording of the interview. Defense counsel learned of the destroyed tape for the first time during the trial. Agent Walsh testified destroying the tape was within his discretion under Drug Enforcement Administration policy. Defense counsel vigorously challenged Agent Walsh's credibility during cross-examination and closing arguments.

At trial, the main witness for the prosecution was Bernard Preston who testified pursuant to a plea agreement. Mr. Preston testified Ms. Watkins was a member of a group of at least eight individuals including himself who sold crack cocaine. The jury found Ms. Watkins guilty of possessing with intent to distribute 16.97 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The jury also found Ms. Watkins guilty of conspiring to possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846. On a previous appeal, this court affirmed Ms. Watkins' conviction and sentence under both offenses. *Watkins*, 188 F.3d at 520.

While Ms. Watkins' first appeal was pending, the Drug Enforcement Administration released its policy manual to the public for the first time. Ms. Watkins' counsel obtained a copy of the manual. Contrary to Agent Walsh's testimony at trial, the policy manual does not give agents discretion to destroy tape recordings of post-arrest interviews.[1] After her initial unsuccessful appeal, Ms. Watkins filed a motion for a new trial, arguing Agent Walsh's incorrect testimony about his discretion to destroy the tape could have influenced the jury.

Rather than holding an evidentiary hearing on the new evidence, the district court assumed, but did not find, the government knowingly presented perjured

---

[1] The Drug Enforcement Administration Agents Manual states:

A.    Rough notes taken by an Agent while interviewing a potential government witness, an informant, a suspect, or a subject of an investigation are subject to discovery. Failure to produce these notes, even due to good faith loss or destruction, could result in dismissal of the case. Agents will therefore preserve any such notes, even though their contents have been subsequently reported on a DEA form 6.

B.    The term "notes" includes handwritten notes, original tapes, or other work papers made during the interview of a potential Government witness, or any such documents made outside the interview from which the witness was directly questioned. Original tapes will be handled as nondrug evidence (see 6663.66).

Drug Enforcement Administration, Agents Manual, § 6211.6.

-4-

testimony about Agent Walsh's authority to destroy the interview tape. The district court found even if the government knowingly presented perjured testimony about Agent Walsh's discretion, it could not have changed the jury verdict on either the conspiracy or possession charge. Although Agent Walsh did provide some additional information, the district court found Bernard Preston "provided the majority of the evidence concerning Watkins' association and involvement in the conspiracy." Moreover, Officer Cronin corroborated Agent Walsh's statements about the interview. The district court found "Agent Walsh's credibility was in no way determinative of the defendant's guilt or innocence." The district court also noted Ms. Watkins did not offer any evidence to contradict the testimony of Agent Walsh, Officer Cronin, or Bernard Preston. The district court concluded "we are convinced that the evidence at trial ... was so strong that any evidence concerning the DEA Policy Manual would have been insignificant and would not have affected the result." Ms. Watkins now appeals the district court's denial of her motion for a new trial.

## DISCUSSION

Ms. Watkins argues she is entitled to a new trial because the "Government's knowing use of perjured testimony was not harmless beyond a

reasonable doubt."[2]  Specifically, Ms. Watkins contends if Agent Walsh had not falsely testified about his authority to destroy the interview tape recording, the jury might have acquitted her of the conspiracy charge.[3]  Due process of law requires prosecutors to disclose evidence that is "material either to guilt or to punishment."  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Convictions obtained with the knowing use of perjured testimony "must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."  *United States v. Agurs*, 427 U.S. 97, 103 (1976).  "Consistent with our overriding concern with the justice of finding guilt," we reverse a conviction upon knowing presentation of perjured testimony "only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial."  *United States v. Bagley*, 473 U.S. 667, 678 (1985) (quotation marks and citation omitted); *Smith v. New Mexico Dept. of Corrections*, 50 F.3d 801, 827 (10th Cir.), *cert. denied*, 516 U.S. 905 (1995).  The materiality of *Brady* evidence

---

[2]  Like the trial court, we do not address whether the government did in fact knowingly present perjured testimony.  Rather, we assume the government presented perjured testimony for the purposes of considering whether the false testimony could have affected the jury verdict.

[3]  Ms. Watkins concedes Agent Walsh's allegedly perjured testimony could not reasonable have affected the jury's findings with respect to the possession with intent to distribute charge.  Ms. Watkins only questions whether Agent Walsh's testimony could have affected the conspiracy charge.

and its possible effect on the verdict are mixed questions of law and fact we review *de novo*.[4]  *United States v. Rogers*, 960 F.2d 1501, 1510 (10th Cir.), *cert. denied*, 506 U.S. 1035 (1992).  "To make the materiality determination, we view the suppressed evidence's significance in relation to the record as a whole." *Hughes*, 35 F.3d at 1252.

Our review of the record as a whole indicates Ms. Watkins' new evidence was not material to the jury's verdict.  Bernard Preston provided the majority of evidence regarding Ms. Watkins' conspiracy charge.  A participant in this conspiracy himself, Mr. Preston testified Ms. Watkins was affiliated with a crack dealing street gang.  Mr. Preston explained Ms. Watkins regularly traveled to Kansas City with another member of the group to purchase the group's crack supply.  Ms. Watkins would store this crack in her home and transfer it to other group members for resale.  Ms. Watkins would also sell crack directly to drug users.  Mr. Preston testified Ms. Watkins supplied as much crack to him as he

---

[4]  The government contends we may review the district court's denial of the motion for a new trial only for an abuse of discretion.  In support of this standard the government cites *United States v. Pearson,* 203 F.3d 1243, 1274 (10th Cir.) ("We review the denial of a motion for new trial for an abuse of discretion."), *cert. denied*, 530 U.S. 1268 (2000).  "Although we generally review the denial of a motion for a new trial for an abuse of discretion, we review *de novo* claims that the prosecution violated *Brady*, including the determination of whether suppressed evidence was material." *United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir. 1994).

could sell.  Moreover, Mr. Preston testified he observed Ms. Watkins sell crack out of her home to a steady stream of customers.  Mr. Preston explained during afternoons and evenings drug users purchased crack from Ms. Watkins as often as "every five [or] six minutes."

Agent Walsh's additional testimony concerning Ms. Watkins' post-arrest interview statements only corroborated Mr. Preston's more detailed testimony. Officer Cronin provided an independent account of the post-arrest interview. Furthermore, in cross-examination and closing arguments, defense counsel aggressively challenged both Agent Walsh's decision to destroy the tape and his credibility.  The new Drug Enforcement Administration policy manual evidence adds little beyond the examination of Agent Walsh already presented at trial. Because the record as a whole shows "no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." *Agurs*, 427 U.S. at 112-13.  Therefore, we affirm the district court's denial of Ms. Watkins' motion for a new trial.[5]

---

[5] Appellant further contends "Ms. Watkins' sentence on the possession count should be vacated if the conspiracy count is vacated, because the sentence on the possession count was predicated upon the fact that Ms. Watkins had been convicted of conspiracy."  Because we do not vacate the conspiracy conviction, we need not reach this issue.

Ms. Watkins next asks us to reverse her conviction with our supervisory power over district courts. Ms. Watkins contends "[w]here a federal prosecutor knowingly elicits perjured testimony from a federal agent, the defendant's conviction should be reversed ... regardless of the testimony's effect on the outcome of the case." Our supervisory powers allow us to reverse judgements "as may be just under the circumstances." 28 U.S.C. § 2106. However, we reverse convictions under supervisory powers only with "caution" and "a view toward balancing the interests involved." *United States v. Hasting*, 461 U.S. 499, 506-07 (1983). This balance must not ignore the need for "prompt administration of justice." *Id.* at 509. Furthermore, the exercise of supervisory power must not amount "to a substitution of individual judgment for the controlling decisions of [the Supreme] Court." *United States v. Payner*, 447 U.S. 727, 737 (1980).

The balance of interests does not require a new trial in this case. Because new evidence from the Drug Enforcement Administration policy manual could not reasonably affect the judgment of the jury, a new trial would incautiously delay the administration of justice. Moreover, the Supreme Court's *Brady* constitutional framework controls our decision. We are unwilling to fashion a "'sub-constitutional'" rule which disregards the limitations of law set out by the Supreme Court. *United States v. Gamble*, 737 F.2d 853, 860 (10th Cir. 1984)

(quoting *United States v. Meyers*, 692 F.2d 823, 847 (2d Cir. 1982)).

For the reasons stated, we **AFFIRM** the district court's denial of appellant's motion for a new trial.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge